# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT MCCORMICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INVENERGY LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No. 8:15CV328<br><br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　The court hereby adopts the following protective order stipulated and agreed to by the parties ([Filing No. 21](#)):

　　　　1.　　All confidential documents and confidential information, as defined herein, shall be used by the parties only for purposes of preparing for and conducting the litigation styled *Robert McCormick v. Invenergy, LLC*, Case No. 8:15-cv-328 (hereinafter the "Action").

　　　　2.　　"Confidential documents" or "confidential information," as used herein, means documents or information so designated by any party, including, but not limited to: information regarding or submitted by past and present employees of Invenergy; documents containing any party's confidential and/or proprietary business information; and documents detailing the financial information of a party.

　　　　3.　　Any party to this action, whether acting on its own or through counsel (hereinafter "person") may designate material as "confidential" by affixing the legend "Confidential" to every page of the document. The information contained or disclosed in

material that has been designated as "Confidential" in accordance with this Order shall be referred to as "Protected Information."  Any documents, including exhibits, which are generated, derived, or created from Protected Information shall also be treated as such in accordance with the provisions of this Order, and such documents shall be marked in accordance with this paragraph.

4. In the case of deposition testimony, designation of the portion of the deposition transcript (including exhibits) that contains "confidential documents" or "confidential information" shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by the disclosing party or counsel for the disclosing party, which shall be so designated within thirty (30) days after the deposition.  During those thirty days, the entire deposition transcript, including exhibits, shall be deemed "Confidential"

5. If any party to this Action disputes the designation of any information, document or testimony as "Confidential," that party shall in writing identify each particular document to which it objects and the reasons for the objection(s). The parties shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to confidential treatment.  If the parties' counsel are unable to agree as to whether the information is properly designated within 10 days of the written objection being raised by a party, counsel for either party may file an appropriate motion with the court.  The burden rests upon the person asserting protected status to demonstrate that the designation is proper.  Until a resolution of the dispute is achieved

either through consent or order of the court, all persons shall treat the designated information in accordance with its designation.

6. "Confidential" information, documents, or testimony may only be disclosed or made available on a need-to-know basis by the party receiving such information to "qualified persons" who are defined to consist of:

    a. The United States District Court for the District of Nebraska, including court personnel who are authorized to review the confidential information, documents, or testimony, subject to the limitations expressed in paragraphs 7 and 8 *infra*;

    b. The parties named in this action, including employees or agents of a party;

    c. Outside counsel to all parties in this Action and the clerical, secretarial, and paralegal staff employed by such counsel;

    d. Court reporters;

    e. Retained and/or potential experts or consultants (including their employees and/or support staff) selected by a party to this Action to assist in the prosecution or defense of the Action;

    f. Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;

    g. Persons actually deposed or called to testify at any hearing or trial; and

h. Any person agreed to in writing by the parties.

7. Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the court. Counsel expressly agree that nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, nor the right to file a motion in limine regarding the use at trial of any document or portion thereof.

8. Counsel shall have the right to file or deposit with the Court any confidential documents at any time for any reason. In the event that confidential documents falling into the categories listed above, including any portion or summary thereof of deposition transcripts designated as confidential, are filed with the Court, they shall be filed in a sealed envelope bearing the following designation when deposited:

CONFIDENTIAL

IN ACCORDANCE WITH THE AGREEMENT BETWEEN THE PARTIES THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, THE COURT ITSELF, AND PERSONNEL WORKING FOR THE COURT.

In the event the Court denies a motion to seal confidential documents, the Clerk of the Court shall leave the documents under seal for a period of three (3) business days after the date of the Court's denial of the motion to seal. The party that designated the confidential documents may at its option within that three (3) day period file replacement documents that do not contain confidential documents or any reference to confidential

documents, in which case the documents initially filed under seal shall be returned to the filing party and not be considered by the Court. If the filing party does not file replacement documents within the time period prescribed by this paragraph, the material shall be filed unsealed in the Court file.

9. Each "qualified person" to whom confidential information, documents, or testimony is disclosed, pursuant to this Order, shall be advised that the confidential information, documents, or testimony is being disclosed pursuant to and subject to the terms of this Order. Said "qualified persons" shall use the confidential information, documents, or testimony only for purposes of this Action and shall not give or otherwise divulge any of the documents, information or materials designated as "Confidential" or the substance thereof, or any copies, prints, negatives, or summaries thereof to any entity or person who is not a "qualified person," as defined in this Order.

10. Nothing in this Order shall be construed to limit in any way the right of the producing person to use its Protected Information for any purpose.

11. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Protected Information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Protected Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Protected Information to persons not authorized to receive such Protected Information shall not be deemed a violation of

this Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The parties shall attempt in good faith to retrieve and protect such inadvertently produced Protected Information.

12. Failure to designate confidential information prior to disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or to any other information relating thereto.

13. This Order shall not be construed to prevent any party or its representatives from using information which was lawfully in its possession prior to the production of such documents or information in the Action or which was obtained from a source other than those subject to this Order.

14. Nothing in this Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege and/or work product doctrine.

15. Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence.

16. At the conclusion of this Action, by judgment or otherwise, all Protected Information shall be returned to the producing party within ninety (90) days from demand or destroyed by shredding. Destruction by shredding shall be certified in writing to the producing person. Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing

their work product that refer to or incorporate Protected Information and will continue to be bound by the terms of this Order with respect to all such retained Protected Information. Upon termination of this Action, the court shall retain jurisdiction to enforce this Order.

17. Documents and things designated as containing Protected Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this Action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

18. The parties have discussed an additional designation category, that of "Confidential-Outside Attorney Eyes Only." While this additional category is not required at this time, this Order is entered without prejudice to amendment by the parties, including revision of this Order to include this additional confidential designation category. In the event that this, or other, additional designation categories are required, the party seeking to add the designation shall file a motion to amend this Order.

19. This Order shall be binding on the parties hereto when signed. This Order shall be binding upon any other person seeking its protection when that person signs a written agreement to be bound by its terms.

**DATED: May 26, 2016**

                                           **BY THE COURT:**

                                           s/ F.A. Gossett
                                           **United States Magistrate Judge**